UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GONZALO GARCIA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 4:05CV2197 RWS |
| FORD MOTOR CO. et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me on Defendants Ford Motor Company ("Ford") and Michelin North America, Inc.'s ("Michelin"), Motion to Dismiss. The motion will be granted.

## I. BACKGROUND

Gonzalo Garcia seeks to revive this case and two companion cases,[1] which I previously dismissed on July 21, 2003, based on forum non conveniens. These cases arise out of a motor vehicle accident that occurred in Jalisco, Mexico on January 30, 2002, involving a Ford Explorer with Michelin tires. Garcia filed the original suit on August 30, 2002, in the case Garcia v. Ford Motor Co., Case No. 4:02CV1319 RWS.

I dismissed the original suit because I found that the existence of an adequate forum in Mexico and the balance of the public and private interest factors favored dismissal based on forum non conveniens. Pursuant to the July 2003 order of dismissal, Defendants stipulated that they would submit to the jurisdiction of the Mexican courts for the purposes of this case, that they would waive any defense based on the statute of limitations, and that they would accept any final

---

[1] The cases Garcia v. Ford Motor Co., 4:05CV2194 HEA, and Agredano v. Ford Motor Co., 4:05CV2196 JCH, have been consolidated with this case.

judgment entered against them by a Mexican court. Ford and Michelin both stipulated to jurisdiction in the country of Mexico in general but not to any specific Mexican court or regional jurisdiction within Mexico.

In the Final Judgment dismissing the original suit, I included a jurisdiction retention clause that stated, "this Court shall retain jurisdiction of this case if for any reason the Mexican courts refuse to exercise jurisdiction in this matter." Garcia seeks to revive this case based on the jurisdiction retention clause because the Mexican courts dismissed the cases for lack of jurisdiction over Ford or Michelin.

On June 7, 2004, Garcia filed a civil action against Ford and Michelin in Jalisco, Mexico. It is undisputed that Garcia did not give notice to Ford or Michelin of the filing of the lawsuit. The trial court dismissed the case on June 10, 2004, for lack of jurisdiction, and Garcia appealed. On appeal, Garcia argued that the trial court erred because Ford and Michelin both stipulated to jurisdiction in the country of Mexico.

The appellate court affirmed the dismissal on September 10, 2004, and held that:

> appellants' arguments with respect to the lower court having ignored the fact that the defendants below, Ford Motor Company and Michelin North America, Inc., submitted to the jurisdiction of the Mexican courts is not well taken, in that said circumstance does not control the issue of the lower court having or not jurisdiction in the case at bar, because there was no express designation of the defendants having submitted in a clear, precise and categorical manner to the jurisdiction of the specific Mexican court (Tenth Civil Court of the First Judicial District), therefore the elements set forth by article 157 of the Code of Civil Procedure of the State [of Jalisco] are not satisfied. Said article provides:
>
>> Article 157. There is express submission when the party in question clearly and categorically waives its statutory jurisdictional privileges and designates with all precision to the court to whom they are submitting.

> A situation that is not present in the case at bar, and therefore, this Court considers that the point of error submitted by the appellants is groundless. It is incumbent to mention that it does not escape the attention of this Court that the appellants, then plaintiffs, state in their Original Petition before the court below that the then defendants, had executed an express submission to the jurisdiction of the courts of Mexico, but that said submission was contingent upon the specific Mexican court finding that it had jurisdiction, because of the Mexican court did not admit the action for want of jurisdiction, then the court of the United States that was already hearing the case would retain jurisdiction over the controversy. This circumstance emphasizes the fact that in the case at bar there was not an express submission by the defendants as appellants claim, because said submission — must be without restrictions, precise, and name a specific court, and not be contingent on any eventuality, as per the provisions of article 157 of the Code of Civil Procedure.

## II. ANALYSIS

Ford and Michelin argue that Garcia made a tactical decision not to give them notice of the filing of the Mexican lawsuit in order to invoke this Court's jurisdiction retention clause. Ford and Michelin further argue that this case should be dismissed with an order directing Garcia to provide notice to counsel of record of the specific Mexican court where the case is filed so that the requirements of Article 157 of the Code of Civil Procedure for the State of Jalisco can be met.

Garcia argues that there is no possible method for invoking jurisdiction over Ford or Michelin in a Mexican court. Garcia further argues that his claims are now barred by the doctrine of issue preclusion and any attempt to re-file this case in Jalisco would be a violation of the Federal Criminal Code of Mexico, subjecting counsel to imprisonment for up to six years. Garcia's arguments are without merit.

The Mexican appellate court clearly stated that there was no jurisdiction over Ford or Michelin because the requirements of Article 157 had not been met. Garcia has failed to even mention this holding in its argument that there is no possible method available for invoking jurisdiction over Ford or Michelin in Jalisco, Mexico. As a result, I will dismiss this action with

an order that Garcia and the plaintiffs in the consolidated cases inform defense counsel of the specific Mexican court where the case is filed so that the requirements of Article 157 of the Code of Civil Procedure for the State of Jalisco can be met.[2]

Garcia's claims are not barred by the doctrine of issue preclusion because a finding of no jurisdiction is not a final judgment or judgment on the merits. As a result, the criminal statutes that Garcia cites do not apply.

## III. CONCLUSION

Garcia's arguments lack any basis in law or fact. Garcia may not attempt to perform an end-run around my order dismissing this case on the basis of forum non conveniens by purposefully refusing to give notice to Ford and Michelin that it had filed suit against them in Mexico. The case will be dismissed, and Plaintiffs shall provide defense counsel with all of the information necessary for Defendants to properly consent to the Mexican court's jurisdiction.

I will retain jurisdiction over this case in the event that the Mexican court refuses to exercise jurisdiction over this case *and* if Plaintiffs provide the proper notice to Defendants so that they can properly consent to the jurisdiction of the Mexican court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Dismiss [#20] is

---

[2]Defendants submitted the affidavits of a Mexican law professor and a partner in a Mexican law firm who state, first, that had Defendants properly consented to jurisdiction, then the Mexican courts would have exercised jurisdiction over the case; second, that had Plaintiffs filed under the Federal Consumer Protection Law, the court would have exercised jurisdiction over the case regardless of whether Defendants consented; and third, that Plaintiffs will not be barred from re-filing this case in Mexico based on res judicata because the dismissal for lack of jurisdiction was not a final judgment.

**GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall provide defense counsel with all of the information necessary for Defendants to consent to the Mexican court's jurisdiction, including timely notice of the filing of any lawsuit in a Mexican court, or any other information necessary to meet the requirements of Article 157 of the Code of Civil Procedure for the State of Jalisco or any other relevant provision of the Code of Civil Procedure.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this case if the Mexican courts refuse to exercise jurisdiction in this matter.

Dated this 18th day of July, 2006.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE