UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GONZALO GARCIA, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:05CV02197 RWS |
| | ) |
| FORD MOTOR COMPANY, et al., | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before me on Defendants Michelin North America, Inc. and Ford Motor Company's Motion for Sanctions [#31]. Defendants move for sanctions against Plaintiff's counsel, John Merritt, and his law firm pursuant to 28 U.S.C. § 1927. Defendants allege that by re-filing this lawsuit in this court following the rejection of the case by the Mexican courts, Plaintiff's counsel unreasonably and vexatiously multiplied these proceedings. Defendants therefore request that I order Plaintiff's counsel to reimburse Michelin and Ford for the excess attorneys fees and costs that they have incurred as a result of the conduct of Plaintiff's counsel.

*Background*

Defendants seek sanctions against John Merritt and his firm because Defendants allege that Merritt unreasonably and vexatiously multiplied these proceedings. I previously dismissed this case and two companion cases[1] on July 21, 2003 and again on July 18, 2006, based on forum non conveniens. These cases arise out of a motor vehicle accident that occurred in Jalisco, Mexico on January 30, 2002, involving a Ford Explorer with Michelin tires. Garcia filed the

---

[1] The cases Garcia v. Ford Motor Co., 4:05CV2194 HEA, and Agredano v. Ford Motor Co., 4:05CV2196 JCH, have been consolidated with this case.

original suit on August 30, 2002, in the case <u>Garcia v. Ford Motor Co.</u>, Case No. 4:02CV1319 RWS.

I dismissed the original suit because I found that the existence of an adequate forum in Mexico and the balance of the public and private interest factors favored dismissal based on forum non conveniens. Pursuant to the July 2003 order of dismissal, Defendants stipulated that they would submit to the jurisdiction of the Mexican courts for the purposes of this case, that they would waive any defense based on the statute of limitations, and that they would accept any final judgment entered against them by a Mexican court. Ford and Michelin both stipulated to jurisdiction in the country of Mexico in general but not to any specific Mexican court or regional jurisdiction within Mexico.

In the Final Judgment dismissing the original suit, I included a jurisdiction retention clause that stated, "this Court shall retain jurisdiction of this case if for any reason the Mexican courts refuse to exercise jurisdiction in this matter." Garcia later sought to revive this case based on the jurisdiction retention clause because the Mexican courts dismissed the cases for lack of jurisdiction over Ford or Michelin.

On June 7, 2004, Garcia filed a civil action against Ford and Michelin in Jalisco, Mexico. It is undisputed that Garcia did not give notice to Ford or Michelin of the filing of the lawsuit. The Mexican trial court dismissed the case on June 10, 2004, for lack of jurisdiction, and Garcia appealed. On appeal, Garcia argued that the trial court erred because Ford and Michelin both stipulated to jurisdiction in the country of Mexico.

The appellate court affirmed the dismissal on September 10, 2004, and held that:

> . . . appellants' arguments with respect to the lower court having ignored the fact that the defendants below, Ford Motor Company and Michelin North America, Inc., submitted to the jurisdiction of the Mexican courts is not well taken, in that said circumstance does not control the issue of the lower court having or not [having] jurisdiction in the case at bar, because there was no express designation of the defendants having submitted in a clear, precise and categorical manner to

the jurisdiction of the specific Mexican court [Tenth Civil Court of the First Judicial District], therefore the elements set forth by Article 157 of the Code of Civil Procedure of the State [of Jalisco] are not satisfied. Said article provides:

> Article 157. There is express submission when the party in question clearly and categorically waives its statutory jurisdictional privileges and designates with all precision to the court to whom they are submitting.

A situation that is not present in the case at bar, and therefore, this Court considers that the point of error submitted by the appellants is groundless. It is incumbent to mention that it does not escape the attention of this Court that the appellants, then plaintiffs, state in their Original Petition before the court below that the then defendants, had executed an express submission to the jurisdiction of the courts of Mexico, but that said submission was contingent upon the specific Mexican court finding that it had jurisdiction, because of the Mexican court did not admit the action for want of jurisdiction, then the court of the United States that was already hearing the case would retain jurisdiction over the controversy. This circumstance emphasizes the fact that in the case at bar there was not an express submission by the defendants as appellants claim, because *said submission must be without restrictions, precise, and name a specific court, and not be contingent on any eventuality, as per the provisions of article 157 of the Code of Civil Procedure.* (emphasis added)

Having found that the Mexican appellate court clearly stated that there was no jurisdiction over Ford or Michelin because the requirements of Article 157 had not been met, I again dismissed the action in July 2006 with an order that Garcia and the plaintiffs in the consolidated cases provide "defense counsel with all of the information necessary for Defendants to consent to the Mexican court's jurisdiction, including timely notice of the filing of any lawsuit in a Mexican court, or any other information necessary to meet the requirements of Article 157 of the Code of Civil Procedure for the State of Jalisco or any other relevant provision of the Code of Civil Procedure."[2]

---

[2] See Order of Dismissal, Document 30, filed July 18, 2006. Defendants submitted the affidavits of a Mexican law professor and a partner in a Mexican law firm who state, first, that had Defendants properly consented to jurisdiction, then the Mexican courts would have exercised jurisdiction over the case; second, that had Plaintiffs filed under the Federal Consumer Protection Law, the court would have exercised jurisdiction over the case regardless of whether Defendants consented; and third, that Plaintiffs will not be barred from re-filing this case in Mexico based on res judicata because the dismissal for lack of jurisdiction was not a final judgment.

This motion for sanction was brought on August 7, 2006.  Late in the afternoon on September 1, 2006, the Friday before the Labor Day holiday, Mr. Merritt faxed Defendants' counsel a letter stating that Plaintiffs would be initiating a new lawsuit in Mexico.  On September 5, 2006, the day after Labor Day, Defendants' counsel faxed Mr. Merritt a letter requesting that Plaintiffs delay filing the suit for two weeks so that Defendants could retain counsel in Mexico and prepare the appropriate form of consent to jurisdiction.  Mr. Merritt wrote back saying that, "Notwithstanding such strong recommendation by me to wait to file suit, the Mexican lawyer advised me, that under orders of her client, she will not wait and will file suit on September 12, 2006.  I have no control over such Mexican lawyers as the clients are her clients not my clients and the clients were referred to me by her firm."  On September 8, 2006, Richard Cassetta, Michelin's counsel, wrote to Mr. Merritt and asked the plaintiffs to reconsider their position and join the defendants in executing an express submission agreement to be filed along with the plaintiffs' complaint.  According to Defendants' expert, Mr. Gonzalez de Castilla, this agreement, if executed, would have invoked the territorial competence of a Jalisco trial court.  On September 11, 2006, Noelia Judith Valenciano Martinez, Plaintiff's lawyer in Mexico, responded that Plaintiffs would not execute the agreement and stated that:

> We see nothing in the Missouri Court's Dismissal order that requires anything other than timely notification to you that the suit has been filed so that you may exercise any rights you may have to consent to jurisdiction.  We have gone further and given you advance notice that the suit would be filed.  Therefore, we have fully cooperated in this matter to see you have notice so you could protect any rights that you may have.

*Standard*

28 U.S.C. § 1927, Counsel's liability for excessive costs, provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Section 1927 warrants sanctions when an attorney's conduct 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" Tenkku v. Normandy Bank, 348 F.3d 737, 743 (8th Cir. 2003) (citing Perkins v. Spivey, 911 F.2d 22, 36 (8th Cir. 1990)). Sanctions are proper under this statute "when attorney conduct, viewed objectively, manifests either intentional or reckless disregard for the attorney's duties to the court." Lee v. First Lenders Ins. Servs., 236 F.3d 443, 445 (8th Cir. 2001).

Sanctions imposed in accordance with 28 U.S.C. § 1927 are discretionary. Burull v. First Nat. Bank of Minneapolis, 831 F.2d 788, 790 (8th Cir. 1987). The Eighth Circuit has warned that "[b]ecause section 1927 is penal in nature, it should be strictly construed so that it does not 'dampen the legitimate zeal of an attorney in representing his client.'" Lee v. L.B. Sales, Inc., 177 F.3d 714, 718 (8th Cir. 1999) (quoting Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 38 F.3d 1414, 1416 (5th Cir. 1994)). Ultimately, "[t]he imposition of sanctions is a serious matter and should be approached with circumspection." O'Connell v. Champion Intern. Corp., 812 F.2d 393, 395 (8th Cir. 1987).

*Analysis*

In my order of July 18, 2006, I ordered that:

> "Plaintiffs shall provide defense counsel with all of the information necessary for Defendants to consent to the Mexican court's jurisdiction, including timely notice of the filing of any lawsuit in a Mexican court, or any other information necessary to meet the requirements of Article 157 of the Code of Civil Procedure for the State of Jalisco or any other relevant provision of the Code of Civil Procedure."

As I stated in my memorandum accompanying my July 2006 order, Garcia attempted to perform an end-run around my July 2003 order dismissing this case on the basis of forum non conveniens by purposefully refusing to give notice to Ford and Michelin that it had filed suit against them in Mexico. It appears from the facts, that this game-playing has continued into the latest attempt to bring the case in Mexico.

Mr. Merritt, Plaintiffs' U.S. counsel, first argues that in Jalisco, Mexico, it is the Court that provides notice to a defendant that a suit has been admitted by the Court. He further argues that the Mexican Court does not provide sufficient time for a summons or notice to be issued, service upon the Defendant to be made, and Defendant to file an entry of appearance, answer, or other pleading. Mr. Merritt claims he was not aware the Mexican lawsuit had been filed until *after* it was dismissed by the Mexican trial court, and he was therefore unable to provide notice to Defendants.

Mr. Merritt instead places the blame with Plaintiff's Mexican counsel, Despacho de Asesoria Legal Internacional, S.A. de C.V. ("DALISA"), who he claims initially referred the case to Mr. Merritt. Mr. Merritt argues that because he is not licensed in Mexico and does not speak Spanish, after my initial dismissal of this case, he contacted DALISA and informed them that the only remaining option was to pursue their clients' claims in a Mexican Court and that he could do nothing further unless a Mexican court refused to entertain such claims. However, Mr. Merritt admits that he advised DALISA that if the lawsuit were to be filed in Mexico and an order was obtained denying jurisdiction that the lawsuit could then be re-filed with the Missouri federal court in the United States. Mr. Merritt then passed the case off to DALISA, along with the names and addresses of Defendants' U.S. counsel, and advised DALISA that any notice of the Mexican lawsuit could be given to those defense lawyers. Mr. Merritt therefore claims he was not involved in the failure to provide Defendants with notice, as required by my Order. However, there was nothing preventing Mr. Merritt from personally providing Defendants with notice. Rather than providing the necessary assistance that I ordered him to provide, Mr. Merritt backed out of his obligation to the Defendants and this Court, and gave added incentive to the Mexican counsel to do what they could to avoid a finding of jurisdiction in Jalisco.

In this latest attempt to bring the lawsuit in Mexico, Mr. Merritt has again disclaimed any involvement with the proceedings and claims he has no control over the Mexican counsel. Yet earlier in this case, Mr. Merritt admitted that he had employed Mexican counsel as local counsel.[3] Mr. Merritt's fax on the eve of Labor Day weekend, combined with the Mexican counsel's refusal to even discuss entering into an agreement on jurisdiction, gives me the impression that Plaintiffs were again doing what they could to obstruct Defendants' efforts to get the Jalisco Court to exercise jurisdiction over the Plaintiffs' lawsuit. Mr. Merritt's failure to comply with my Order has created unnecessary expense for Defendants and wasted judicial resources.

Mr. Merritt's conduct, viewed objectively, manifests an intentional disregard for the his duties to this court. Lee v. First Lenders Ins. Servs., 236 F.3d at 445. I will therefore grant Defendants' Motion for Sanctions.

In its response to the Motion for Sanctions, Plaintiffs requested that in the event that I grant the Motion, as I have here, that I hold a hearing on the amount of costs, expenses and/or attorneys' fees and an opportunity to examine defense counsel on such matters. In support of their request, Plaintiffs cite Fuqua Homes, Inc. v. Beattie, which states that "The Supreme Court has said that 'like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record,' and has indicated that the denial of these procedural safeguards has due process implications." 388 F.3d 618, 623 (8th Cir. 2004) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, n. 14, 65 L. Ed. 2d 488, 100 S. Ct. 2455). Plaintiffs have been given notice of this Motion and have had the opportunity to be heard through both their response in opposition to the Motion and their supplemental response to

---

[3] Plaintiffs' Opposition to Motion for Sanctions at 25.

the Motion. Therefore, I find that a hearing is only needed to determine the amount of sanctions I shall levy.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Sanctions [#31] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' fee application shall be submitted no later than **February 12, 2007**. Plaintiffs shall respond to the fee application no later than **March 14, 2007**. Defendants shall file their reply no later than **March 26, 2007**.

**IT IS FURTHER ORDERED** that a hearing on the amount of sanctions will be held on **April 27, 2007 at 9:30 a.m.**, in Courtroom 10-South.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2007.