UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GONZALO GARCIA, et al., | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:05CV02197 RWS |
| | ) |
| FORD MOTOR COMPANY, et al., | ) |
| | ) |
| Defendant(s). | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Plaintiffs' Motion to Reconsider my order of January 22, 2007 granting sanctions against Plaintiffs [#51] and Plaintiffs' Motion for Sanctions against Defendants and Defendants' Attorneys [#63].

Having reviewed the record before me and heard oral arguments from counsel, I will grant Plaintiffs' Motion to Reconsider in part. I will vacate my order sanctioning Plaintiffs' counsel, John Merritt. However, I will enter sanctions against Plaintiffs for their failure to comply with my order of July 18, 2006. I will also deny Plaintiffs' Motion for Sanctions against Defendants and Defendants' Attorneys.

## **Background**

In my order of July 18, 2006, I ordered that:

> "Plaintiffs shall provide defense counsel with all of the information necessary for Defendants to consent to the Mexican court's jurisdiction, including timely notice of the filing of any lawsuit in a Mexican court, or any other information necessary to meet the requirements of Article 157 of the Code of Civil Procedure for the State of Jalisco or any other relevant provision of the Code of Civil Procedure."

Defendants filed their motion for sanctions on August 7, 2006. This motion sought

sanctions against Plaintiffs and Plaintiffs' counsel for "unreasonably and vexatiously multiplying" the proceedings surrounding my July 2003 order dismissing this case on the basis of *forum non conveniens*.

Late in the afternoon on September 1, 2006, the Friday before the Labor Day holiday, Mr. Merritt faxed Defendants' counsel a letter stating that Plaintiffs would be initiating a new lawsuit in Mexico. On September 5, 2006, the day after Labor Day, Defendants' counsel faxed Mr. Merritt a letter requesting that Plaintiffs delay filing the suit for two weeks so that Defendants could retain counsel in Mexico and prepare the appropriate form of consent to jurisdiction. Mr. Merritt wrote back saying that, "Notwithstanding such strong recommendation by me to wait to file suit, the Mexican lawyer advised me, that under orders of her client, she will not wait and will file suit on September 12, 2006. I have no control over such Mexican lawyers as the clients are her clients not my clients and the clients were referred to me by her firm." On September 8, 2006, Richard Cassetta, Michelin's counsel, wrote to Mr. Merritt and asked the plaintiffs to reconsider their position and join the defendants in executing an express submission agreement to be filed along with the plaintiffs' complaint. According to Defendants' expert, Mr. Gonzalez de Castilla, this agreement, if executed, would have invoked the territorial competence of a Jalisco trial court. On September 11, 2006, Noelia Judith Valenciano Martinez, Plaintiff's lawyer in Mexico, responded that Plaintiffs would not execute the agreement and stated that:

> We see nothing in the Missouri Court's Dismissal order that requires anything other than timely notification to you that the suit has been filed so that you may exercise any rights you may have to consent to jurisdiction. We have gone further and given you advance notice that the suit would be filed. Therefore, we have fully cooperated in this matter to see you have notice so you could protect any rights that you may have.

*Motion to Reconsider Sanctions against Plaintiffs and Plaintiffs' Counsel*

Standard

Motions to Reconsider under Fed. R. Civ. P. 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Capitol Indemnity Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 834 (8th Cir. 2004) (citations and quotations omitted).

Analysis

On January 22, 2007, I granted Defendants Michelin North America, Inc. and Ford Motor Company's Motion for Sanctions against Plaintiffs' counsel, John Merritt. As discussed more fully in that order, I found that John Merritt's "failure to comply with my [ July 18, 2006] Order has created unnecessary expense for Defendants and wasted judicial resources." Mr. Merritt has asked me to reconsider my order, arguing that Plaintiffs did not violate the directions I gave in my July 18, 2006 order dismissing the case on the grounds of *forum non conveniens*. Having reviewed the record before me, I find that there is not sufficient evidence to find that Mr. Merritt had the ability to exercise control over Plaintiffs' Mexican counsel. I will therefore vacate my order entering sanctions against John Merritt.

However, I find that Plaintiffs have clearly ignored my directive to cooperate with Defendants in re-filing this case with the Mexican courts. Plaintiffs' actions surrounding the Labor Day holiday weekend in 2006 were designed to frustrate Defendants' request to participate in the Mexico litigation. Faxing Defendants on September 1, 2006, the Friday before the Labor Day holiday, to notify Defendants that Plaintiffs would be initiating a new lawsuit in Mexico was unreasonable and was a failure to cooperate with my order. Further, I find that Plaintiffs' refusal

to grant Defendants' reasonable request for a two week delay was a failure to cooperate with my order and was designed to further frustrate Defendants' efforts to participate in the litigation.

I will therefore modify my January 22, 2007 order and enter sanctions against Plaintiffs for attorney's fees and costs incurred by Defendants for the period of September 1, 2006 through September 12, 2006, which I find to be the amount of time necessary to supplement the record regarding Plaintiffs' lack of cooperation with my order, and for the costs incurred in bringing the motion for sanctions [#31].

***Motion for Sanctions against Defendants and Defendants' Attorneys***

Standard

28 U.S.C. § 1927, Counsel's liability for excessive costs, provides as follows:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Section 1927 warrants sanctions when an attorney's conduct 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" Tenkku v. Normandy Bank, 348 F.3d 737, 743 (8th Cir. 2003) (citing Perkins v. Spivey, 911 F.2d 22, 36 (8th Cir. 1990)). Sanctions are proper under this statute "when attorney conduct, viewed objectively, manifests either intentional or reckless disregard for the attorney's duties to the court." Lee v. First Lenders Ins. Servs., 236 F.3d 443, 445 (8th Cir. 2001).

Sanctions imposed in accordance with 28 U.S.C. § 1927 are discretionary. Burull v. First Nat. Bank of Minneapolis, 831 F.2d 788, 790 (8th Cir. 1987). The Eighth Circuit has warned that "[b]ecause section 1927 is penal in nature, it should be strictly construed so that it does not

'dampen the legitimate zeal of an attorney in representing his client.'" Lee v. L.B. Sales, Inc., 177 F.3d 714, 718 (8th Cir. 1999) (quoting Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 38 F.3d 1414, 1416 (5th Cir. 1994)). Ultimately, "[t]he imposition of sanctions is a serious matter and should be approached with circumspection." O'Connell v. Champion Intern. Corp., 812 F.2d 393, 395 (8th Cir. 1987).

Analysis

Plaintiffs seek sanctions against Defendants for "purposefully engag[ing] in a scheme of deceit and misrepresentation designed to frustrate Plaintiffs in their pursuit of justice." I do not find that Defendants' counsels' conduct in this case has manifested either an intentional or reckless disregard of an attorney's duties to the court. Defendants have based their arguments and interpretations of Mexican law upon the opinions of Mexican lawyers and law professor who have given academic readings of certain statutory provisions. One need look no further than the decisions of our own Supreme Court to confirm that learned and reasonable jurists can and do disagree regarding the meaning and proper application of statutes in this country, and it appears that Mexico is no different in that regard.

I will therefore deny Plaintiffs' motion for sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Reconsider my Order of January 22, 2007 granting sanctions against Plaintiffs [#51] is **GRANTED in part and DENIED in part.** The sanctions entered against John Merritt are **VACATED** and sanctions are **ENTERED** against Plaintiffs for attorney's fees and costs incurred by Defendants for the period of September 1, 2006 through September 12, 2006 and for the costs incurred in bringing the motion

for sanctions [#31].

**IT IS FURTHER ORDERED** that Defendants' shall resubmit their fee application consistent with this order no later than **September 19, 2007**. Plaintiffs shall respond to the fee application no later than **October 3, 2007**. Defendants shall file their reply no later than **October 17, 2007**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Sanctions against Defendants and Defendants' Attorneys [#63] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2007.